UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTI HOLLIDAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cv-04748-TWP-MJD ) |
| THE TRUSTEES OF INDIANA UNIVERSITY; MICHAEL McROBBIE, in his official capacity of Indiana University President; and STEVE MARTIN, in his official capacity of Associate Vice President for Research Administration, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants' The Trustees of Indiana University ("Indiana University"), Michael McRobbie, and Steve Martin (collectively, "Defendants") Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ([Filing No. 26](#)). Plaintiff, Christi Holliday's ("Holliday") alleges in her Amended Complaint that she was discriminated against and terminated from her employment at Indiana University, because of her disability, her age, and her request for leave under the Family Medical Leave Act ("FMLA"). Defendant's deny the allegations and move for dismissal for most of Holliday's claims. For the reasons stated below, the partial motion to dismiss is **granted**.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Holliday as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). At the time of her termination from Indiana University, Holliday

was fifty-eight years of age and had served as faculty for eight (8) years. ([Filing No. 13 at 2](Filing No. 13 at 2).) She was a trusted and highly successful professional, holding advanced degrees. *Id.* Holliday is visually impaired and her disability requires an accommodation in order for her to fully participate in the workplace. ([Filing No. 13 at 4](Filing No. 13 at 4).) Defendants were aware of Holliday's disabilities and the necessary accommodations through medical documentation provided by Holliday and her doctors. *Id.* at 5.

After transferring to Indiana University's Bloomington campus, Holliday requested a number of accommodations to address her visual disability, however her requests were ignored. *Id.* On October 20, 2015, she informed her supervisor that she needed bilateral corneal transplants, which would require time off from work. Indiana University responded to her multiple requests for accommodations and medical leave by fabricating a series of alleged performance issues and engaging in a series of discriminatory and unconscionable acts leading to her termination. *Id.* Holliday filed this action against Indiana University, and Michael McRobbie ("McRobbie") in his official capacity as Indiana University President, and Steve Martin ("Martin") in his official capacity as Associate Vice President for Research Administration, alleging that the Defendants violated Titles I and V of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 (the "Rehabilitation Act"), the Indiana Civil Rights Statute, I.C. §§ 22-9-5 *et seq.*, and The Indiana Age Discrimination Act, I.C. §§ 22-9-2-1 *et seq.*. She alleges the Defendants discriminated against her due to her disability and age, by failing to accommodate her disability, by retaliating against her for engaging in protected activity, and by intentionally inflicting emotional distress. In addition to monetary damages and wages, Holliday asks the Court to reinstate her employment and enjoin

Defendants from engaging in further violations of the ADA, The Rehabilitation Act, Indiana's Civil Rights Statute, and Indiana's Age Discrimination Statute.

The Defendants deny that they discriminated against Holliday on the basis of her disability or her age, and contend that they did not retaliate against her because of her disability, age, or her request for Family Medical Leave Act ("FMLA") leave. They further deny that they failed to accommodate Holliday's disability, and did not intentionally inflict emotional distress. Rather, Defendants contend Holliday was terminated due to an extensive history of poor performance. Defendants' filed their Partial Motion to Dismiss on the basis that Holliday's claims are subject to sovereign immunity, that some of her claims should be dismissed as a matter of law, and that she failed to comply with the notice provisions required under the Indiana Tort Claims Act. ([Filing No. 26](#).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed

3

factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Holliday has not responded to the Defendants' Partial Motion to Dismiss which argues that some of her claims are barred by the doctrine of sovereign immunity, some of her claims should be dismissed as a matter of law, and that some claims should be dismissed because she failed to comply with the notice provisions required under the Indiana Tort Claims Act therefore, she has conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087,

at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same). Even if Holliday had addressed the Defendants' contention, the Court finds that the majority of Holliday's claims fail on the merits.

Her claims against Indiana University fail because Indiana University has not waived immunity to Holliday's claims under the ADA. Indiana University is an instrumentality of the State of Indiana for purposes of the Eleventh Amendment and thus has sovereign immunity with regards to any claims brought under the ADA. "A state may claim immunity from suit in federal court and must be dismissed from the litigation unless" the state has consented to suit or its immunity has otherwise been abrogated by the United States Congress. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). "[The Eleventh Amendment's] jurisdictional bar applies regardless of the nature of the relief sought." *Tyler v. Trustees of Purdue Univ.*, 834 F. Supp. 2d 830, 845 (N.D. Ind. 2011) (quoting *Gleason v. Bd. Of Educ. of City of Chi.*, 792 F.2d 76, 79 (7th Cir. 1986)); *Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 58 (1996) ("But we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.").

In addition, as argued by the Defendants, Holliday's claims for damages related to alleged disability discrimination, retaliation, and failure to accommodate against the individual defendants under the ADA fail as a matter of law because sovereign immunity also extends to individuals "being sued in their 'official capacities.'" *Shannon v. Bepko*, 684 F. Supp. 1465, 1473 (S.D. Ind. 1988). ([Filing No. 27 at 4](#).)

Holliday's disability discrimination, retaliation, failure to accommodate, and disability discrimination claims, pled under Indiana Civil Rights Law, fail as a matter of law because she

5

must first file a complaint with the Indiana Civil Rights Commission. Ind. Code § 22-9-1-6. Her age discrimination claim fails because Indiana University is not an "employer" under Indiana's Age Discrimination Act. *See* Ind. Code § 22-9-2-1. State employers, including Indiana University, are "'government entities' 'subject to' the federal ADEA. … [and] … they are not statutory 'employers' under section 1 of Indiana's Age Discrimination Act". *Montgomery v. Bd. of Trustees of Purdue Univ.*, 849 N.E.2d 1120, 1127.

Holliday asserts that Defendants receive federal assistance and thus are covered entities under the Rehabilitation Act. However, individuals do not receive federal aid and thus cannot be liable under the Rehabilitation Act." *Novak v. Bd of Trustees of S. Illinois Univ.*, No. 12-CV-7-JPG, 2012 WL 5077649, at *3 (S.D. Ill. Oct. 18, 2012). *See also Dent v. City of Chi.,* 2003 WL 21801163, at * 1 (N.D.Ill. Aug.1, 2003) ("[T]he law is well-settled that there is no individual liability under ... the Rehabilitation Act...."). Therefore, this claim must be dismissed with respect to Martin and McRobbie.

Finally, Holliday's intentional infliction of emotional distress claim fails because Holliday has not alleged that she complied with the 180 days' notice requirement. A state law claim of intentional infliction of emotional distress is subject to the Indiana Tort Claims Act ("ITCA"). Compliance with notice provisions of ITCA is a procedural precedent that the plaintiff must prove and which the trial court must determine before trial. *Indiana Dep't of Highways v. Hughes*, 575 N.E.2d 676, 678 (Ind. Ct. App. 1991). Accordingly, this claim must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss ([Filing No. 26](Filing No. 26)) is **GRANTED**. The following claims are **dismissed with prejudice**: (1) disability discrimination,

retaliation, and failure to accommodate under the ADA against Indiana University (Counts I, II, and III); (2) damages for disability discrimination, retaliation, and failure to accommodate under the ADA against the individual defendants (Counts I, II, and III); (3) disability discrimination, retaliation, and failure to accommodate under Section 504 of the Rehabilitation Act against the individual defendants (Counts I, II, and III); (4) disability discrimination, retaliation, and failure to accommodate under the Indiana Civil Rights Law (Ind. Code § 22-9-1, *et seq.*) against all Defendants (Counts I, II, and III); (5) age discrimination under Indiana's Age Discrimination Act against all Defendants (Count IV); and (6) intentional infliction of emotional distress against all Defendants (Count V).

The claims remaining for trial are (1) Holliday's claims against the individual defendants for prospective injunctive relief under the ADA, and (2) her claim against Indiana University under the Rehabilitation Act.

**SO ORDERED.**

Date: 6/18/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Shaun Dalrymple
michaeld@dalrymple-law.com

Erin Thornton Escoffery
TAFT STETTINIUS & HOLLISTER LLP
eescoffery@taftlaw.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com